IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEMETRIUS GLADDEN | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. AMD-06-2458 |
| KATHLEEN GREENE[1] and DR. SEYED JALALI | : | |
| Defendants | : | |

...o0o...

MEMORANDUM

Now pending in this civil rights action is defendant Green's motion to dismiss or for summary judgment. Paper No. 13. Plaintiff has opposed the motion.[2] No hearing is necessary. Local Rule 105.6 (D. Md. 2004). For the reasons that follow, defendant's motion, construed as a motion for summary judgment, shall be granted.[3]

Plaintiff alleges he was injured on September 4, 2005, while playing football at Eastern Correctional Institution (ECI). Paper No. 1 at p. 4. He was taken to the infirmary at the prison on a stretcher where Dr. Jalali recommended a 24-hour observation period. *Id*. Plaintiff was sent to the hospital approximately five hours later based on medical staff's further reports to Dr. Jalali.[4] *Id*.

---

[1] The Clerk shall amend the docket to reflect the proper spelling of defendant's name, "Green."

[2] Plaintiff has also filed a motion for appointment of counsel. Paper No. 16. Plaintiff has demonstrated his ability to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. The issues pending before the court are not unduly complicated. Therefore, this court concludes that there are no exceptional circumstances at this time which would warrant the appointment of an attorney to represent plaintiff under 28 U.S.C.§1915(e)(1) and the motion will be denied without prejudice.

[3] Dr. Jalali has not been served with the complaint. *See* Paper No. 6.In order to remedy the service issue, plaintiff will be required to assist the court with obtaining service by completing and returning a service form provided by the Clerk.

[4] According to plaintiff, Dr. Jalali was not at the institution and was contacted by phone.

Plaintiff had knee surgery for a torn ACL-PCL ligament, but alleges he needs additional surgery to repair damage to a nerve. He claims he is being denied approval for the surgery by the institution.

Defendant asserts that plaintiff's complaint fails to state a claim with respect to her because there is no allegation that she participated in the alleged denial of medical care. Paper No. 13. In addition, she asserts plaintiff did not properly exhaust administrative remedies regarding this claim. *Id*. Plaintiff asserts in his opposition that as the warden of ECI, defendant Green is responsible for insuring that inmates receive proper medical care.[5] Papers No.10 and 18 . Plaintiff also asserts he should not be required to exhaust administrative remedies because the medical contractor is not subject to the jurisdiction of the Inmate Grievance Office. Paper No. 18.

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979)*; Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

---

[5]The opposition also seems to assert a new claim regarding the risk of assault by fellow inmates which was not raised in the complaint. The new claim will not be addressed here.

Plaintiff's claim against defendant Green is based on her supervisory capacity as warden. Section 1983 liability on the part of a supervisor requires a showing that: (1) the supervisor failed promptly to provide an inmate with needed medical care; (2) that the supervisor deliberately interfered with the prison doctor's performance; or (3) that the supervisor tacitly authorized or was indifferent to the prison physician's constitutional violation. *See Miltier v. Beorn*, 896 F. 2d 848, 854 (4th Cir. 1990); *see also Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984) (supervisory liability for an inmate's beating by prison guards).

Plaintiff has not alleged any conduct or omission by defendant Green with respect to denial of medical treatment. Indeed, plaintiff makes no allegation regarding the initial response of staff after the injury occurred. There is no indication that there was a delay in providing plaintiff access to medical personnel. Plaintiff's only complaint concerns access to additional surgery. There is no indication that defendant Green is hindering or interfering with medically prescribed treatment, therefore, no liability may be imposed. To the extent that plaintiff asserts a new claim regarding failure to protect him from the violence of another inmate against Green in his opposition, that claim is not properly raised.

For the reasons set forth, Green's motion shall be granted. An order follows.

Filed: April 30, 2007                        __/s/_____
                                                              Andre M. Davis
                                                              United States District Judge